## Case No. 207b.

### Ex parte ALLEN.

[3 App. Comr. Pat. 388.]

Circuit Court, District of Columbia. Oct 16, 1860.

PATENTS FOR INVENTIONS — ANTICIPATION — APPEAL FROM COMMISSIONER — MOWING MACHINES.

[1. A patent was issued for a device for raising by leverage the finger bar of a mowing machine to a perpendicular position, and holding it at rest there until reached by the hand for folding. Thereafter application was made for

a patent for a device to raise the finger bar to an angle of 45 degrees, and hold it in suspense until reached by means of a long handle, and folded by hand. *Held,* that there was an anticipation, and the second device was not patentable. Prouty v. Ruggles, 16 Pet. (41 U. S.) 336, distinguished.]

[2. When the court is in doubt, the decision of the commissioner of patents in an interference case should be affirmed.]

Appeal [by A. B. Allen] from the decision of the commissioner of patents for refusing to grant letters-patent to him for his improvement in mowing machines. [Affirmed.]

MORSELL, Circuit Judge. The claim, as stated by the appellant, is: "In mowing machines provided with but a simple lever arrangement for partially folding the finger bar by means of the same, I claim in combination with the track-board K, the long handle L, when so mounted and arranged in relation to the driver's seat, that on the outer end of the finger bar being raised partially up by the hand-lever or foot lever arranged on the machine, the driver is enabled to reach the end of said handle for the purpose of turning over the finger-bar in the manner substantially as specified. Also I claim the combination and relative arrangement of the outer shoe `D`, pivoted track-board K, and stop F', the whole being constructed substantially as set forth."

On the 26th of June, 1860, the commissioner ratified and confirmed the report of the board of examiners refusing to grant a patent. From which decision the following reasons of appeal were filed:

1st. That the references cited by the commissioner do not present an anticipation of the invention covered by the first clause of the claim.

2. That the commissioner erred in basing his opinion as to the admissibility of the first clause of the claim upon the general ground that the references cited illustrate arrangements for lifting and folding the finger-bar, whereas the appellant claims only his specific arrangement of means for lifting and folding the finger-bar, which arrangement is not shown in any of said references.

3. That the commissioner erred in refusing the second clause of the claim without qualifying his action by referring to a similar combination of all the elements constituting the particular combination claimed in and by said clause as the invention of the appellant.

4. That the commissioner, in his consideration of the second clause of the claim, wholly disregarded and ignored the difference existing between the operation of the combined elements, as well as the advantages and improved results thereby obtained, as compared with any of the arrangements cited as references; and therefore his decision was erroneous; as the difference in the result * * * produced is evidence that the means employed are not mechanical equivalents.

5. That the commissioner having to show and establish that the subject-matter of invention as covered by and claimed in the appellant's application was void of novelty and utility, his action in refusing the patent was erroneous, and ought to be reversed.

The substance of the commissioner's report in reply to the reasons of appeal. He says: "The reasons of appeal are based on the insufficiency of the references alleging that they do not present the specific arrangements claimed by the appellant, or an equivalent combination of all the parts that go to make up his invention, nor do they anticipate the operation of the combination claimed,—in all of which the office was in error. The first clause of appellant's claim is limited to the combination of a long handle with the track-board, so that when partially raised the hinged finger-beam can be brought up and turned over onto the machine by the driver's taking hold of the handle when it comes within his reach. Now, there is no combination here, inasmuch as the track-clearer contributes nothing to the operation of the handle, which for all practical purposes of raising the finger-beam might just as well be attached to the end of the beam itself or to any part of it more convenient than the end. The references show with sufficient clearness examples of such an attachment of some means to some part of the finger-beam for raising it out of, and letting it back into, position, and even the handle to the hinged track-board on the hinged cutter-bar, is shown in Aultman & Miller's patent of June 17, 1856. This clause leaves but the matter of arrangement of the handle by appellant to sustain his claim, and I am wholly at a loss to perceive any invention in this, or indeed any thing more than would form itself an obvious suggestion to one accustomed to use such machines, if indeed the attachment of the handle to this part of the machine deserves to be regarded as in any degree an improvement. In operation there is no marked difference. The device of the appellant but serves to aid the driver in lifting the cutter-bar, and this is the case with the references. So of the second clause of the claim the references present an equivalent mechanism for effecting the same result as the appellant and by the same mode of operation, and this by a combination almost identical. A patent can only be granted for 'an arrangement' when such an arrangement involves invention, and is in itself new and useful; but it is not perceptible to me that the appellant in this case has presented even an arrangement of the well known parts of the mowing machine that meets the conditions, as the references will be necessarily consulted," &c. &c.

Such is the case as laid before me with all the original papers and documents by the commissioner according to previous notice duly given of the time and place of hearing, when and where the appellant appeared by his attorney, and filed his argument in writ-

ing, and submitted the case. The claim has been rejected upon the ground of its having been anticipated, as shown by sundry references to patents embracing the same invention in both branches of it. The appellant denies the application of them, and has shown his grounds and reason in a strong and clear discriminating argument, the force of which has been felt. He rests his claim on a specific technical combination of devices involving a specific arrangement and specific functions. He admits that the parts considered separately are not new. The three elements of his arranged combination are: The outer shoe, the track-board, and the stop. His argument is that "it cannot be met by any arrangement of two of the same elements although arranged in · the same way; nor can it be met by any equal number of elements when arranged in a different way, and more especially when the functions discharged are different. To sustain the position he cites the rule of law as laid down by the court in the case of Prouty v. Ruggles, 16 Pet. [41 U. S.] 336." The patent is for a combination, and the improvement consists in arranging different portions of the plough, and combining them together in the manner stated in the specification for the purpose of producing a certain effect. None of the parts are new, and none are claimed as new, nor is any portion of the combination, less than the whole, claimed as new, or stated to produce any given result; the end in view is proposed to be accomplished by the union of all arranged and combined together in the manner described, and this combination, composed of all the parts mentioned in the specifications, and arranged with reference to each other, and to other parts of the plough in the manner therein described, is stated to be the 'improvement, and is the thing patented; the use of any two of these · parts only, or of two combined with a third which is substantially different in form or manner of its arrangement and connection with the others, is therefore not the thing patented. It is not the same combination, if it substantially differs from it in any of its parts. Proof was offered of its utility, but it was admitted and waived.

The question in the case just recited was whether the use of any one or more of the parts was an infringement of a patent for an invention claimed upon the ground of a combination of old parts, and the court decided that the plaintiff could not recover for less than an infringement of the whole. It can therefore only be authority in this case to define the character of such a combination. Upon a comparison of the references to the Dodge invention with the first branch of the appellant's improvement, there appears to me to be a very strong resemblance; it appears to be embraced substantially within it. It is admitted that the two are alike in the operation by leverage and

the second half by hand. In the case of the appellant's means, the finger-bar is raised from the ground to an elevation of forty-five degrees, held in suspense until brought within reach of the hand by the long handle. In the case of Dodge it is by its levers brought by the first operation to a perpendicular position and at rest, and within reach of the hand. The principal purpose and object of both is that of folding the finger-bar and this seems to be the same after so reached by hand. Dodge's is performed much more perfectly than appellant's, and I think is at least an equivalent. The result of appellant's contrivance may be said to have been produced in a cheaper way, but there is no evidence to show that it was enough so to amount to a sufficient test of patentable invention. That of Dodge's is to be preferred as being scientifically ·effected, that of appellant's— rather of the backward order.

With respect to the second claim, I am not free from doubts, and feel, therefore, that I should yield to the commissioner's decision on the point.

My opinion is that the decision of the commissioner ought to be affirmed, and the same is accordingly affirmed.